(November 27, 2000)

■ In the Matter of MATTHEW A. KING, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [716 NYS2d 778] —Per Curiam. Respondent was admitted to practice by this Court in 1985 and maintained an office for the practice of law in the Village of Norwood, St. Lawrence County.

By confidential decision dated September 26, 2000, this Court denied petitioner's motion to suspend respondent on grounds he had failed to comply with petitioner's investigation, but without prejudice to renewal in the event respondent failed to appear before petitioner for examination at a time and place to be fixed by it pursuant to written notice. Respondent did not

appear on October 13, 2000, as directed, and did not otherwise reply to the written notice. It appears respondent has abandoned his practice.

Petitioner now moves for an order indefinitely suspending respondent and appointing the St. Lawrence County Bar Association as custodian of the files and property of respondent's clients (see, 22 NYCRR 806.11). Respondent has not replied to the motion.

Under the circumstances presented, we grant petitioner's motion to the extent of suspending respondent from practice pending his compliance with the written notice directing his appearance for an examination before petitioner (see, e.g., Matter of Griffin, 264 AD2d 534) and appointing the St. Lawrence County Bar Association as custodian of the files and property of respondent's clients.

Cardona, P. J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that petitioner's motion is granted to the extent indicated in this decision; and it is further ordered that respondent is suspended from practice, effective immediately and until further order of this Court, pending his compliance with the October 3, 2000, written notice by petitioner directing his appearance before petitioner for an examination under oath; and it is further ordered that, for the period of his suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and he is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that the St. Lawrence County Bar Association is appointed custodian of the files and property of respondent's clients; and it is further ordered that respondent shall comply with the provisions of this Court's rule (see, 22 NYCRR 806.9) regulating the conduct of suspended attorneys.